## SMITH *v.* TOWNS.

Under the evidence the judge before whom the habeas-corpus proceeding was heard, involving the question of the rightful custody of a minor, did not err in awarding the custody of the child in controversy to the movant in that proceeding.

APRIL 13, 1910.   REHEARING DENIED APRIL 27, 1910.

Habeas corpus. Before Judge Pendleton. Fulton superior court. November 20, 1909.

*Lowndes Calhoun* and *Mayson & Johnson,* for plaintiff in error. *George C. Thomas* and *Shackelford & Shackelford,* contra.

BECK, J. J. H. Towns instituted a habeas-corpus proceeding against J. Wylie Smith, contending that he was entitled to the custody of Elizabeth Bailey, a child of tender years. Towns is a resident of Clarke county, and Smith of Fulton county. The latter resisted the proceeding, upon the ground that he was the duly appointed guardian of the person and property of Elizabeth Bailey, and that at the time of his appointment his ward was domiciled in the county of Fulton. Towns alleged that under the proceedings provided for in the Civil Code, § 2497, after petition duly presented to the superior court of Clarke county, that court, being satisfied as to the truth of the facts stated in the petition, passed an order declaring said child to be the adopted child of the petitioner. Smith contested the validity of this order, upon the ground that at the time said order was passed the child, Elizabeth, was not

a resident of Clarke county, that she was domiciled in Fulton coun-
ty, and that his domicile, he being her duly appointed guardian,
was the child's domicile.  Towns, on the other hand, submitted evi-
dence to show that S. W. Bailey, the grandfather of the child, was
her duly appointed guardian, that his appointment antedated the
appointment of Smith, and that S. W. Bailey had been duly served
with notice of the filing of the petition for the adoption of the child
Elizabeth, and consented to the order of her adoption.  Upon the
hearing the court below held and adjudged that the applicant for
the writ of habeas-corpus, J. H. Towns, was entitled to the pos-
session of the child in controversy, and directed that she be de-
livered by the respondent to the applicant.  Whereupon the re-
spondent excepted.

The evidence in the case authorized the judgment of the court
below.  Aside from the question as to whether the order declaring
the child, Elizabeth Bailey, to be the adopted child of the defendant
in error, could be attacked collaterally in the habeas-corpus pro-
ceeding, there was ample evidence to authorize the judge below to
find that at the time when the order for the adoption of the child
was passed she was domiciled in Clarke county, although absent
therefrom at the date of the order, and that notice of the filing of
the petition for adoption had been served upon the duly appointed
guardian of the child.  While the evidence is conflicting, there was
sufficient testimony to authorize the judge to find that W. W. Bai-
ley, the father of the child, was a resident of Clarke county on
March 3, 1908, the date of his death; that he had never surrendered
parental control of his daughter, the child in controversy; and, this
being true at the date of his death, that the child was domiciled in
Clarke county on the date last referred to.  And there was evidence,
also, to authorize the finding that the child's domicile continued
to be in Clarke county until May 4, 1908, when S. W. Bailey, her
grandfather, was appointed as her guardian.  The fact that the re-
spondent in the habeas-corpus proceeding had, previously to the
filing of S. W. Bailey's application to be appointed guardian of
Elizabeth Bailey, filed an application for appointment as her guard-
ian in Fulton county, and had been appointed such guardian upon
a date subsequent to the date of the appointment of Bailey as
guardian for the child, did not have the effect of revoking letters
of guardianship granted to S. W. Bailey, nor was the validity of the

latter's appointment in any way affected by the subsequent granting of letters of guardianship to Smith, though Bailey appeared and filed a caveat to the application of Smith for appointment as guardian.

In view of the fact that the court below was authorized, under the evidence, to find that the order granting the petition of Towns for the adoption of the child, Elizabeth Bailey, was regular and valid, his judgment and order in the habeas-corpus proceeding, directing the respondent to surrender possession of the child to the applicant, was a proper one, there being nothing in the evidence to show that the applicant was in any way an unsuitable person to take charge of and rear an infant of tender years. He has means which will enable him to rear and educate the child; he also adopted a sister of the child in controversy; his wife is a Christian woman of education and refinement; and though the child·is to be taken from worthy people, who are also capable of rearing and educating her under the most pleasant surroundings, as appears from the uncontradicted evidence in the record, the new home to which she is to be transferred presents some advantages over the former; and it is evident there was no abuse of discretion upon the part of the judge below, even if it had been necessary to invoke an exercise of his discretionary power.

*Judgment affirmed. All the Justices concur.*